UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER KING,

      *Plaintiff*,

  v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

      *Defendants*.

Civil Action No. 1:20-cv-00995 (CJN)

### MEMORANDUM OPINION

In this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiff Peter King seeks an audio recording from the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement ("ICE"). *See generally* Compl., ECF No. 1. ICE moves for summary judgment on the grounds that it was unable to locate the recording King seeks. *See generally* Defs.' Mot. for Summ. J. ("Defs.' Mot."), ECF No. 15. Because the Court concludes that the government has conducted a reasonable search, it grants summary judgment to the government in full.

**I.    Background**

King is a documentary filmmaker. Compl. ¶ 2. On October 14, 2019, he submitted to ICE a FOIA request seeking "a copy of the complete audio recording described in [a 2003 ICE] memo . . . . The audio was recorded by an ICE informant on August 5, 2003 and documents a murder related to an ICE investigation." *Id.* ¶ 7. In November 2019, ICE responded that it could "neither confirm nor deny the existence of responsive records on the individual(s) identified in [the] request" and stated that, even if such records did exist, "they would be exempt from disclosure

1

pursuant to Exemptions 6 and/or 7(C) of the FOIA." *Id.* ¶¶ 8–9.  King appealed the denial on the grounds that ICE, other authorities, and the informant who allegedly created the recording had already acknowledged its existence.  *Id.* ¶ 10.  After ICE affirmed its initial determination, *id.* ¶ 12, King brought this lawsuit to compel ICE to produce the recording, *see generally id.*  ICE then conducted a search and reported that it was unable to locate any responsive records.  *See* Joint Status Report ¶ 2, ECF No. 10.

The government now moves for summary judgment on the grounds that its search was reasonable and yielded no responsive records.  *See generally* Defs.' Mot.  King argues that the search was inadequate because ICE only searched its physical—but not electronic—records.  *See generally* Pl.'s Opp'n to Defs.' Mot ("Pl.'s Opp'n"), ECF No. 18.

## II.     Legal Standard

"[T]he vast majority of FOIA cases can be resolved on summary judgment."  *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).  "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents."  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation omitted).  "The agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Id.* at 326 (internal quotation and alterations omitted).  "The agency cannot limit its search to only one or more places if there are additional sources that are likely to turn up the information requested."  *Id.* (internal quotations omitted).  "At the summary judgment stage, where the agency has the burden to show that it acted in accordance with the statute, the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."  *Id.* (internal quotations omitted).

"However, if a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials, summary judgment is inappropriate." *Id.* (internal quotations omitted). For records that an agency once possessed but can no longer locate, the agency affidavit must provide "not just an agency's conclusion that it no longer possesses a document but also some underlying fact or facts to show the document's likely fate." *Shapiro v. DOJ*, 944 F.3d 940, 943 (D.C. Cir. 2019).

### III.     Analysis

ICE's motion is supported by a declaration from Fernando Pineiro, the Deputy FOIA Officer at ICE, describing ICE's search methodology. *See generally* Decl. of Fernando Pineiro ("Pineiro Decl."), ECF No. 15-1. The declaration explains ICE's process for narrowing its search to the Office of the Principal Legal Advisor ("OPLA") and Homeland Security Investigations ("HSI"). *Id.* ¶¶ 15–28. With respect to OPLA, the declaration explained that only one individual in the office was involved with the ICE/HSI investigation relating to the audio recording sought by King. *Id.* ¶ 37. That individual confirmed that, although he had provided legal advice during the investigation, neither he nor anyone else in OPLA had ever possessed a copy of the recording. *Id.*

As for HSI, the declaration explains that HSI determined that the El Paso Field Office—where the audio recording was allegedly created—should conduct the search. Pineiro Decl. ¶ 32. The El Paso Field Office concluded that, because "the physical paper files, the investigative files containing information relating to the subject of [King's] FOIA request . . . were no longer in possession of the Field Office, [they] had to be recalled from the Federal Records Center, where the files were archived." *Id.* HSI recalled the boxes of archived files and searched those files by "going through each of the boxes." *Id.* It "was unable to locate a copy of the recordings in the boxes from the archive," *id.*, but did find a "closing Report of Investigation . . . describing the

3

closure of the investigation, which indicated that on April 19, 2005 the subject of the investigation Pled [sic] guilty and was sentenced . . . and therefore, all of the investigative evidences were destroyed." *Id.* ¶ 33.  ICE explained that such destruction was in accordance with HSI's policies, which provide that "consensual electronic surveillance evidence will be maintained for five (5) years in the closed case file after the conclusion of the investigation." *Id.*

King's only response is that HSI should have conducted an electronic search for records. Pl.'s Opp'n at 1, 4.  He asserts that ICE acknowledged that any responsive recording would be electronic in nature, *id.* at 4 (citing Pineiro Decl. ¶ 33), and therefore the search was plainly inadequate because HSI never searched for electronic records, Pl.'s Opp'n at 4.

HSI clarified its reasons for limiting its search to the archived files in a second declaration. *See generally* Suppl. Decl. of Fernando Pineiro ("Suppl. Pineiro Decl."), ECF No. 20-1.  It explained that, although the audio recording itself was made through electronic means, the record would have been stored on an external storage device (such as an audio tape or CD) retained in the physical investigative file.  *Id.* at 2.  In particular, HSI explained that the specific investigation relevant to King's request used "an audio digital recorder . . . to record the conversation and the audio was transferred to an external storage device that would have been kept in the physical investigative file [but not electronically stored on ICE's computer network]." *Id.*

Defendants' explanation is sufficient.  They have demonstrated that ICE's search "was reasonably calculated to uncover all relevant documents [and was] a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Valencia-Lucena*, 180 F.3d at 325–26 (internal quotations omitted).  They have provided two declarations describing how ICE determined where the relevant records might be located and averred that there were "no other investigations or matters likely to contain a copy

4

of the recording." Pineiro Decl. ¶ 32.  And they have explained why it can no longer locate the audio recording King seeks:  according to HSI policy, the electronic recording should have been destroyed five years after the conclusion of the relevant investigation.  *Id.* ¶ 33.  Because the investigation concluded in April 2005, HSI policy required that the agency destroy the recording by 2010.  *Id.*  ICE has therefore also provided the "underlying . . . facts to show the [recording's] likely fate." *Shapiro*, 944 F.3d at 943.

## IV.     Conclusion

ICE has demonstrated that it conducted a reasonable search for the audio recording sought by King's FOIA request.  Its declarations explain that no responsive records were located during that search and the recording's likely fate.  The Court therefore grants the government's Motion for Summary Judgment.  An Order will be entered contemporaneously with this Memorandum Opinion.

DATE:  August 16, 2021

CARL J. NICHOLS
United States District Judge